[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11488
Non-Argument Calendar

_____

D.C. Docket No. 8:13-cv-01925-EAK-TBM

TRANSATLANTIC, LLC,

Plaintiff-Appellant,

versus

HUMANA, INC.,
HUMANA INSURANCE COMPANY,
HUMANA HEALTH INSURANCE COMPANY OF FLORIDA, INC.,
HUMANA MEDICAL PLAN, INC.,
PCA FAMILY HEALTH PLANS OF FLORIDA, INC., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 10, 2016)

Before WILLIAM PRYOR, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Transatlantic, LLC, appeals the dismissal of its third amended complaint against Humana, Inc., Humana Insurance Company, Humana Health Insurance Company of Florida, Inc., Humana Medical Plan, Inc., and PCA Family Health Plans of Florida, Inc. The district court dismissed with prejudice Counts I through IV, which alleged that the defendants violated the Racketeer Influenced and Corrupt Organizations Act, *see* 18 U.S.C. § 1962(a)–(d), and declined to exercise supplemental jurisdiction over Counts V and VI, which alleged that the defendants violated Florida law. Transatlantic contests the dismissal only of Counts I and II, which alleged that the defendants operated a racketeering enterprise that used or maintained itself by withholding funds owed to Transatlantic under a Medicare Advantage program. *See id.* § 1962(a), (b). The district court ruled that the counts lacked the particularity required to state a claim for relief. *See* Fed. R. Civ. P. 9(b). We affirm.

Allegations of fraud, like those made by Transatlantic, are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that "a party . . . state with particularity the circumstances constituting fraud." *Id.* To satisfy Rule 9(b) in a civil action involving a scheme to defraud, a plaintiff must identify the time, place, and substance of each allegedly fraudulent act. *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997). And when the alleged fraud involves multiple defendants, Rule 9(b)

2

requires that the plaintiff plead sufficient facts to "inform each defendant of the nature of [its] alleged participation in the fraud." *Id.* (quoting *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 777–78 (7th Cir. 1994)).

When the district court dismissed the second amended complaint without prejudice, it warned Transatlantic that its pleading failed to satisfy the particularity requirements of Rule 9(b). The district court explained that Transatlantic had "fail[ed] to separate the individual Defendants in the RICO causes of action, and . . . group[ed] them as a collective 'Humana.'" The district court instructed Transatlantic to refile a complaint that contained "specific allegations [about] each defendant involved in the RICO causes of action, and their interrelationships for RICO . . . ."

Transatlantic disregarded the instruction to identify the individual defendants' alleged racketeering activities. The third amended complaint treats the defendants as a single entity. Transatlantic attributes the predicate acts jointly to "HUMANA, INC., HUMANA INSURANCE COMPANY, HUMANA HEALTH INSURANCE COMPANY OF FLORIDA, INC. and HUMANA MEDICAL PLAN, INC," to "Defendant HUMANA," to "HUMANA," or to "Defendant." Transatlantic argues that the term "HUMANA" refers exclusively to Humana, Inc., but the opening paragraph of the amended complaint states that the term "HUMANA" refers "collectively" to "the Defendants, HUMANA, INC.,

3

HUMANA INSURANCE COMPANY, HUMANA HEALTH INSURANCE COMPANY OF FLORIDA, INC., HUMANA MEDICAL PLAN, INC., PCA HEALTH PLANS OF FLORIDA, INC., PCA FAMILY HEALTH PLAN, INC., PCA LIFE INSURANCE COMPANY, AND EMPLOYERS HEALTH ISNURANCE [sic] COMPANY." The third amended complaint fails to apprise each defendant of its involvement in each allegedly fraudulent activity. *Brooks*, 116 F.3d at 1381.

Transatlantic also failed to adequately allege the existence of a pattern of racketeering activity. A pattern of racketeering activity consists of at least two predicate acts of racketeering committed within a ten-year period. 18 U.S.C. § 1961(1), (5). Transatlantic alleged predicate acts of mail and wire fraud, *see id.* §§ 1341, 1343, the interstate transmission and transfer of more than $5,000, *id.* § 2314, conversion, *id.* § 2315, and extortion, *id.* § 1951, but failed to describe any predicate act with particularity. *See Brooks*, 116 F.3d at 1381.

The third amended complaint contains conclusory allegations of mail and wire fraud. Transatlantic alleged that the defendants "did place and cause to be placed mail matter to be sent and delivered by the United States Postal Service" without mentioning a date of mailing or what "matter or thing" was sent. *See* 18 U.S.C. § 1341. With respect to wire fraud, Transatlantic alleged that there were six occasions between 2009 and 2010 when "Defendant" sought a "disbursement of

funding for TRANSATLANTIC" and "caused an interstate wire transmission of funds," but failed to describe the parties to, the place of, or the content of the wire communications, any misrepresentations made, or how the communications were entwined in the scheme to defraud. *See Brooks*, 116 F.3d at 1371. In an attempt to taint the transactions, Transatlantic alleged the "Defendant . . . intended to impose an illegal and unwarranted withhold," but Transatlantic neglected to allege that any funds were actually withheld or why it was entitled to payment. Transatlantic alleged it was "lulled into not taking action concerning . . . reimbursement" because of an email that an employee of "HUMANA" sent "on or about January 10, 2013," but Transatlantic described emails it sent in February and March of 2013 that inquired about its "outstanding account." This collection of conclusions and unrelated events falls far short of alleging a single episode of wire fraud.

The allegations of unlawful transmissions of funds, conversion, and extortion suffer from similar infirmities. The third amended complaint was bereft of any details pertaining to the allegations that, on four occasions, the defendants "did cause to be transmitted and transferred in interstate commerce securities and money of a value greater than five thousand dollars" with the "inten[t] to convert and steal" and that, on four different occasions, the defendants "did receive, possess, and conceal securities and money . . . [that had] been unlawfully converted and taken." The conclusory allegations made it impossible to discern

5

who initiated the transfers, how much was transferred, what entity transferred the funds, the reason for the transfer, the route that the funds traveled, how Transatlantic was entitled to the funds, or the means used to convert the funds. And Transatlantic omitted from its allegation of extortion that its property was taken "by wrongful use of actual or threatened force, violence, or fear, or under color of official right," which is an element of the offense. *See* 18 U.S.C. § 1951(b)(2); *United States v. Smalley*, 754 F.2d 944, 947 (11th Cir. 1985).

The district court did not err by dismissing the third amended complaint filed by Transatlantic. The amended complaint failed to state a claim of racketeering in violation of section 1962(a) or (b). Transatlantic failed to allege a single predicate act of racketeering activity or to identify how the individual defendants participated in the alleged scheme to defraud.

Transatlantic asks that we remand for it to file an amended complaint, but it would be futile to allow further amendment. The third amended complaint, like its predecessor, is a quintessential "shotgun pleading." It incorporates virtually every antecedent allegation by reference in each subsequent claim for relief, is devoid of facts to substantiate its allegations of racketeering, and leaves the defendants unable to frame a response. *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Transatlantic proved incapable over the course of three years—during which it amended the complaint numerous times—to

file a complaint that stated a claim of racketeering against the defendants. The district court did not abuse its discretion when it dismissed the third amended complaint with prejudice. *See Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

We **AFFIRM** the dismissal of the third amended complaint.